IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CR-68-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| KEITHON DERNARD SOUTHERLAND, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on defendant's motion to suppress (DE # 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59, United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") wherein he recommended the court deny defendant's motion (DE # 33). Defendant timely filed objection to the M&R (DE # 35), and the government did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court denies defendant's motion to suppress.

## BACKGROUND[1]

On October 25, 2008, local law enforcement officers responded to a call regarding a possible breaking and entering and larceny at a home in Wilmington, North Carolina. When the officers arrived on the scene, the owner of the residence, Thomas Marino, informed them that he had been walking his dog and had left the door to his home unlocked. When he returned, he discovered that a laptop computer and a cell phone had been stolen. Marino told officers that he was unsure whether those two items were the only things stolen from the residence.

---

[1] Defendant does not object to the magistrate judge's discussion of the facts, and the court therefore incorporates by reference the facts as set forth in the M&R.

Marino's son, who lives in New York, was able to monitor the location of the phone over the internet via the phone's GPS tracking feature. Over the next two hours, he assisted the officers, who were driving around Wilmington, by continuing to track the phone, relaying its location to them. The officers testified that at no point did Marino's son mention any other items that had been stolen. Eventually, Marino's son informed the officers that the phone was no longer moving, having come to rest at 401 Henry Street.

When the officers arrived at 401 Henry Street, they saw a silver Cadillac backing out of the driveway. As the officers approached, they saw the driver stop the car, exit, and toss the keys to a man later identified as defendant. One of the officers looked into the windows of the Cadillac and saw a cell phone in the center console that was similar in appearance to the stolen phone. The officer continued to look through the windows of the car and saw a laptop computer sitting on the back seat.

When defendant grew agitated, the officers asked permission to ascertain that the computer was not stolen. Defendant assented, and told the officers that the car belonged to his girlfriend. While one of the officers retrieved the computer, another took defendant into custody and patted him down. When officers opened the computer and saw a login screen confirming that it belonged to Marino, defendant was arrested for possession of stolen property, cuffed, and placed in the squad car. Officers retrieved the cell phone out of the Cadillac and continued to search the vehicle, discovering a handgun and a magazine, as well as receipts with defendant's name on them.

On June 10, 2009, defendant was charged with a single count of possession of a firearm by a felon. On September 4, 2009, defendant filed a motion to suppress all physical evidence and any statements obtained as a result of the search of the Cadillac, specifically seeking to suppress the firearm and ammunition discovered following defendant's arrest for possession of stolen property.

In his motion, defendant argues that the search falls outside the search incident to arrest exception to the Fourth Amendment's proscription of warrantless searches, as set forth in the Supreme Court's decision in Arizona v. Gant, 129 S. Ct. 1710 (2009).

The government responded on October 4, 2009, raising a number of alternative grounds for upholding the search. First, the government argued that the vehicle search was not a search incident to arrest, but rather was based on probable cause after officers discovered the stolen cell phone and laptop computer. Second, the government argues that even if the search were incident to arrest, it was nonetheless justified by the analysis set forth in Gant. Finally, the government argues that even if the search did not comport with Gant, the court should not apply the exclusionary rule because the search was made in good faith reliance on pre-Gant precedents authorizing such a search.

On November 13, 2009, the magistrate judge recommended denying defendant's motion to suppress. The magistrate judge found each of the government's three alternative theories to have merit, and recommended upholding the search on those grounds. On November 20, 2009, defendant objected to the magistrate judge's conclusion as to each ground proffered by the government. The government did not respond.

### DISCUSSION

This court reviews those portions of the M&R to which defendant has objected *de novo*. See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Because the court finds the search in question to have been supported by probable cause, it need not address defendant's objection to the magistrate judge's alternative findings that the search was a valid search incident to arrest under Gant and that the officers' good faith reliance on pre-Gant precedent would nevertheless bar the operation of the exclusionary rule.

3

Officers may search a vehicle without first obtaining a warrant if probable cause exists to believe the vehicle contains contraband, because "vehicles can move quickly out of reach, and . . . effective police work will often require seizing contraband before a warrant can be obtained." United States v. White, 549 F.3d 946, 949 (4th Cir. 2008) (citing Carroll v. United States, 267 U.S. 132, 151-53 (1925)). Furthermore, individuals have a lessened expectation of privacy in vehicles, an additional rationale justifying a warrantless search even where the vehicle is not immediately mobile. See California v. Carney, 471 U.S. 386, 391 (1985) (citations omitted). Pursuant to this so-called "automobile exception" to the warrant requirement, officers may conduct a "thorough search of the vehicle once probable cause is established." White, 549 F.3d at 949 (citing United States v. Ross, 456 U.S. 938, 800 (1982)).

To determine whether the officers here had probable cause to search the Cadillac, the court uses a "totality of the circumstances" test, "an individualized and fact-specific inquiry" as to whether "the facts and circumstances within an officer's knowledge – or of which he possesses reasonably trustworthy information – are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed." Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000) (citations omitted). The court must "examin[e] all of the facts known to officers leading up to the [search], and then ask[] 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer,' amount to probable cause," White, 549 F.3d at 950 (quoting Ornelas v. United States, 517 U.S. 690, 696 (1996)).

The probable cause standard is easily met in this case. Marino reported to officers that his cell phone and laptop computer had been taken from his residence, and that he was unsure as to whether anything else had been stolen. Officers, with the aid of Marino's son, tracked the cell phone

4

to the car's location. Upon arriving at the car's location, they saw items matching the description of the stolen property through the car's windows. After receiving permission from defendant, they were able to ascertain that the laptop computer in the backseat belonged to Marino.[2] These facts would have led a person of reasonable caution to conclude that an offense had been committed.

Defendant argues that once officers had located the cell phone and the laptop computer – the only two items reported stolen – they were required to stop searching the vehicle. This argument has no support in either law or fact. Because Marino told officers he was unsure whether anything else had been taken from his residence, the officers could have reasonably believed other stolen property would be found in the car. Even if Marino had confirmed that nothing else had been taken from his residence, the presence of stolen goods in a vehicle could reasonably have lead officers to believe that other stolen property belonging to other individuals might also be found in that vehicle.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and for the reasons thoroughly explained in this order, the court OVERRULES defendant's objections to the M&R, ADOPTS the findings of the magistrate judge insofar as they are consistent with this order (DE # 33), and DENIES defendant's motion to suppress (DE # 20).

SO ORDERED, this the 23rd day of December, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] The officers had probable cause to believe a crime had been committed, and thus to search the vehicle, even before confirming the computer had been stolen, as they were able to locate the stolen property through the cell phone's GPS tracking feature and see the items through the car's windows.

5