IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-68-FL-1
No. 7:12-CV-193-FL

| | |
|---|---|
| KEITHON DERNARD SOUTHERLAND, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter comes before the court on petitioner's motion to vacate under 28 U.S.C. § 2255 (DE 70), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the government's motion to dismiss (DE 73). Where the time for response has passed, the issues raised are ripe for ruling. For the reasons stated below, the court grants the government's motion and dismisses petitioner's motion.

## BACKGROUND

On March 29, 2010, petitioner pled guilty with a plea agreement, to one count of felon in possession of firearm. On August 16, 2010, petitioner was sentenced to a term of imprisonment of 105 months imprisonment, and the judgment of the court was affirmed on appeal. On July 11, 2012, petitioner filed the instant motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, arguing that under Simmons, the predicate state offenses underlying his 2003 prior felon in possession of firearm conviction, upon which his present conviction was based, do not qualify as felony convictions. The government moves to dismiss on grounds that (1) petitioner waived his right to bring a § 2255 petition in his plea agreement, and (2) the petition is without merit.

## DISCUSSION

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "[C]laims regarding the application of Simmons fall within the scope of [a] valid appeal waiver." United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013). Here, petitioner agreed to waive the right to challenge his conviction "except[] . . . upon grounds of ineffective assistance of counsel or prosecutorial misconduct." (DE 44). Petitioner does not allege, nor is there evidence to suggest, that his plea was either unknowing or involuntary. Accordingly, petitioner has waived his right to attack his conviction and sentence collaterally on the basis of Simmons, and his motion to vacate must be dismissed on this ground.

## CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion to dismiss (DE 73), and DISMISSES petitioner's motion to vacate (DE 70). Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge