IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-68-FL-1
No. 7:12-CV-193-FL

| | | |
|---|---|---|
| KEITHON DERNARD SOUTHERLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion for reconsideration (DE 78) of the court's dismissal of his 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, pursuant to <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). The court held this matter in abeyance pending decision in <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, petitioner's motion for reconsideration will be DENIED.

**BACKGROUND**

On March 29, 2010, petitioner pled guilty with a plea agreement, to one count of felon in possession of firearm. On August 16, 2010, petitioner was sentenced to a term of imprisonment of 105 months imprisonment, and the judgment of the court was affirmed on appeal. On July 11, 2012, petitioner filed the instant motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, arguing that under <u>Simmons</u>, the predicate state offenses underlying his 2003 prior felon in possession of firearm conviction, upon which his present conviction was based, do not qualify as felony convictions. The government moved to dismiss on grounds that (1) petitioner waived his right to bring a § 2255 petition in his plea agreement, and (2) the petition is without merit. The

court dismissed the petition on the basis of waiver in the plea agreement. Petitioner asks the court to reconsider its ruling in light of Miller, and the government urges the court to deny the motion on grounds previously raised.

## DISCUSSION

The court need not revisit the waiver analysis provided in the court's prior order, in light of Miller, where an alternative basis support's the court's judgment dismissing the § 2255 petition. In particular, petitioner's claim under Simmons is without merit. Petitioner's conviction was based upon a 2003 felon-in-possession conviction which carried a term of imprisonment exceeding one year. See 7:03-CR-92-1F. Whether that 2003 conviction would be invalid now based upon the reasoning in Simmons is immaterial to the present felon-in-possession conviction. See United States v. Neal, 458 Fed. Appx. 246, 248 (4th Cir. 2011) (citing United States v. Kahoe, 134 F.3d 1230, 1235 (4th Cir. 1998)). Accordingly, the court denies the motion for reconsideration.

## CONCLUSION

For the foregoing reasons, the court DENIES petitioner's motion for reconsideration.

SO ORDERED, this 20th day of February, 2014.

/s/ Louise W. Flanagan
_____
LOUISE W. FLANAGAN
United States District Judge